## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRANCES M. SHELTON,<br><br>                     Plaintiffs,<br><br>     v.<br><br>TRANS-BRIDGE LINES, INC., MARIO REZUSA, JOHN DOE 1-5, JOHN DOE A-Z (FICTITIOUS NAMES).<br><br>                   Defendants. | **Civil Action No.:**<br><br>**Hon.**<br><br><br>         **NOTICE OF REMOVAL** |

TO:    CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

ON NOTICE TO:    Marvin R. Walden, Jr., Esq.
                        Greenberg & Walden
                        425 59th Street
                        West New York, New Jersey 07093

                        Clerk – Law Division
                        Superior Court of New Jersey
                        Hudson County Courthouse
                        595 Newark Avenue
                        Jersey City, New Jersey 07306

      **PLEASE TAKE NOTICE** that Defendants through his counsel, Tompkins, McGuire, Wachenfeld & Barry, LLP hereby removes this civil action pending in the Superior Court of New Jersey, Hudson County, Law Division ("the State Court Action"), docket number HUD-L-2049-21, pursuant to U.S.C. 28 §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1332, as amended, on the following grounds:

1.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because the procedural requirements for removal are satisfied and because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.      THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

2.      On May 20, 2021, Plaintiff commenced the State Court Action by filing a Complaint identified by Superior Court docket number HUD-L-2049-21 ("Complaint") with the Deputy Clerk of the Superior Court, Hudson County, New Jersey.  (A true and exact copy of the Complaint is annexed as Exhibit **A**).

3.      The Complaint names as Defendant Mario Rezusa, who is a Pennsylvania resident. Various fictitious defendants' citizenship is disregarded for purposes of establishing diversity.  *See* 28 U.S.C. § 1441(a)("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

4.      Defendant Trans-Bridge Lines, Inc, is a Pennsylvania corporation with its principal place of business located at 2012 Industrial Drive, Bethlehem, PA 18071.  *See* 28 U.S.C. § 1332(c)(1)(for diversity purposes, " a corporation shall be deemed to be a citizen … of the State or foreign state where it has its principal place of business … " ).

5.      This Notice of Removal is timely under 28 U.S.C. § 1446(b). The Complaint was filed on May 20, 2021. As of this date, upon information and belief, the Defendants have yet to be properly served. *See Murphy Brothers, Inc. v. Michetti Pipe*

*Stringing, Inc.* 526 U.S. 344, 354 (1994) (the thirty-day period to remove an action to federal court begins to run on the date of service of the Summons).

6.    The United States District Court for the District of New Jersey embraces the locality in which the State Court Action is now pending and, thus, this Court is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

7.    No previous application for removal has been made.

8.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court of New Jersey – Law Division, Hudson County.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441.

9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of costs and interest.

### A.  Complete Diversity of Citizenship Exists.

#### 1.  Plaintiffs' Citizenship.

10.    Plaintiff resides in Westfield, New Jersey.  (Ex. **A**). *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006)(for purposes of diversity jurisdiction, "[c]itizenship is synonymous with domicile …").

#### 2.  Defendants Citizenship.

11.    No Defendant is a citizen of New Jersey.

### B.  The Amount in Controversy Requirement is Satisfied.

12.    Defendant respectfully submits that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

13.     This is a personal injury action involving a motor vehicle accident, wherein Plaintiff claims as follows:

5.     As a result of the negligence of the defendants, **TRANS-BRIDGE LINES, INC., MARIO REZUSA, JOHN DOE 1-5** Plaintiff**, FRANCES M. SHELTON**, was caused to sustain severe and permanent injuries; has suffered, continues to suffer, and will in the future suffer great pain and mental anguish; has incurred, continues to incur, and will in the future incur large medical expenses in an effort to cure herself of her said injuries; has been prevented, continues to be prevented, and will in the future be prevented from engaging in her usual activities; and was otherwise damaged.

(Ex. **A**)

14.     New Jersey state court practice does not permit plaintiffs to plead for damages in a specific amount. *See* 28 U.S.C. § 1446(c)(2)(A)(ii). *See also* N.J.R.Civ.P. 4:5-2.

15.     However, "courts have held that allegations of severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue." *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998).

16.     Accordingly, pursuant to 28 U.S.C. § 1446(c)(2)(B) the amount in controversy exceeds $75,000 for purposes of this application.

**C.  The Unanimity Rule is Satisfied.**

17.     Removal generally requires unanimity among the defendants that have been served with the Complaint. *Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).

18.     All named Defendants consent to removal.  As set forth above, fictitious parties are disregarded for removal purposes.

**WHEREFORE**, Defendant respectfully removes this action from the Superior Court of New Jersey to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Respectfully submitted,

_/s/ Richard F. Connors, Jr._
Richard F. Connors, Jr.
**TOMPKINS, McGUIRE,**
**WACHENELD & BARRY, LLP**
3 Becker Farm Road, Suite 402
Roseland, New Jersey 07068
(973) 622-3000
rconnors@tompkinsmcguire.com

*Attorneys for Defendants Mario Rezusa and Trans-Bridge Lines, Inc*

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Rule 11.2, the undersigned hereby certifies that there are no other related actions pending to the best of my knowledge, information and belief.

/s/ Richard F. Connors, Jr.
Richard F. Connors, Jr.
**TOMPKINS, McGUIRE,**
**WACHENELD & BARRY, LLP**
3 Becker Farm Road, Suite 402
Roseland, New Jersey 07068
(973) 622-3000
rconnors@tompkinsmcguire.com

*Attorneys for Defendants Mario Rezusa and Trans-Bridge Lines, Inc*

## CERTIFICATION OF SERVICE

I hereby certify that on this date, a Notice of Removal and filed with the Court and served on the following via the New Jersey State Judiciary electronic filing system:

Marvin R. Walden, Jr., Esq.
Greenberg & Walden
425 59th Street
West New York, New Jersey 07093

Clerk – Law Division
Superior Court of New Jersey
Hudson County Courthouse
595 Newark Avenue
Jersey City, New Jersey 07306

*Richard F. Connors, Jr.*
**TOMPKINS, McGUIRE, WACHENELD**
**& BARRY, LLP**
3 Becker Farm Road, Suite 402
Roseland, New Jersey 07068
(973) 622-3000
rconnors@tompkinsmcguire.com

*Attorneys for Defendants Mario Rezusa and*
*Trans-Bridge Lines, Inc*

Dated: September 3, 2021